## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**TYJUAN JOHNSON**                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:25-CV-602-CRS**

**JUDGE ANGELA J. JOHNSON** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

### I.

*Pro se* Plaintiff TyJuan Johnson sues Jefferson County Family Court Judge Angela J. Johnson and Susan Fleischaker, who Plaintiff indicates is an attorney in the Jefferson County Attorney's Office Child Support Division. Plaintiff does not indicate whether he intended to sue Defendants in their official or individual capacities or both. For purposes of this review only, the Court will construe the complaint as asserting claims against Defendants in both their official and individual capacities.

In the "Statement of Claim" section of the complaint, Plaintiff states, "I, TyJuan Johnson is bringing a claim for improper service, due process violations. Also I wasn't given a right to be heard. The judge magistrate was not neutral. There was a conflict of interest and interest of outcome because of fiduciary relationship. Also separation of powers."

In the "Relief" section of the complaint, Plaintiff writes, "The damages from this has caused me to go homeless also not being able to take care of my other offspring. My credit is bad now I maxed out on loans. In loans and bills, I'm about 80 thousand dollars in debt because of

this child support order. Also while being violated the Judge wouldn't take into account I have other children."

Although it is not readily apparent, it appears Plaintiff seeks damages as relief in as much as he states that the "amount in controversy" is "250000.00. Injuries, loans, and interest due to fraud activity."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. Judge Johnson

As a state official sued in her official capacity for money damages, Judge Johnson is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment). Thus, any official-capacity claim

3

against Judge Johnson must be dismissed both for failure to state a claim upon which relief may be granted and for seeking damages against a defendant who immune to such relief.

As to any individual-capacity claim against Judge Johnson, "[j]udges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Johnson in her judicial capacity and within her jurisdictional authority, any individual-capacity claim against her must be dismissed as barred by judicial immunity.

### B. Attorney Fleischaker

As to Defendant Fleischaker, any official-capacity claim against her fails because, as stated above, states, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 7. Moreover, an official-capacity claim against Defendant Fleischaker is also barred by the Eleventh Amendment because it is deemed a claim against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166; *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the [county] prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Alexander v. Ky. Cabinet for Health & Fam. Servs.*, No.

3:17-CV-101-DJH-DW, 2017 U.S. Dist. LEXIS 222168, at *6 (W.D. Ky. July 28, 2017) ("[The] § 1983 claims against O'Connell, Taylor, Hardesty, and Anton in their official capacities are considered claims against the Jefferson County Attorney's Office Child Support Division. . . . This division is 'an agent of the Kentucky Cabinet for Health and Family Services.'"). Thus, any official-capacity claim against Defendant Fleischaker must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages against a defendant who immune to such relief.

As to an individual-capacity claim, although it unclear, the Court assumes that Defendant Fleischaker was the state prosecutor involved in Plaintiff's child support case. "The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions." *Stephens v. Shearer*, No. 1:17-CV-P64-GNS, 2017 U.S. Dist. LEXIS 108381 at *4 (W.D. Ky. July 12, 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976)). The Supreme Court "noted that those activities 'intimately associated with the judicial phase of the criminal process' are functions to which the 'reasons for absolute immunity apply with full force.'" *Id*. (quoting *Imbler*, 424 U.S. at 430). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotation marks and citation omitted) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Here, Defendant Fleischaker was presumably acting in her role as an advocate in suing or prosecuting Plaintiff for failure to pay child support. *See Streater v. Cox*, 336 F. App'x 470, 475 (6th Cir. 2009) (holding that an assistant attorney general was absolutely immune from suit based on his decision to file a criminal complaint for failure to pay child support); *Burnes v.*

5

*Smith*, No. 3:18-CV-00608, 2018 U.S. Dist. LEXIS 119949, at *8 (M.D. Tenn. July 17, 2018) (noting government attorneys are "absolutely immune from suit for damages for actions taken in the course of suing or prosecuting Plaintiff for failure to pay child support") (*citing in accord Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.,* 640 F.3d 716, 726 (6th Cir. 2011) (finding social worker was entitled to absolute prosecutorial immunity for involvement in judicial child support proceedings); *Washington v. Montgomery Cnty. Common Pleas Ct.*, No. 3:17-CV-341, 2017 U.S. Dist. LEXIS 179028, at *5 (S.D. Ohio Oct. 30, 2017) (child support enforcement attorneys are entitled to prosecutorial immunity) (collecting cases); *Benton v. Houchens*, No. 3:14CV-469-H, 2014 U.S. Dist. LEXIS 162388, at *3-4 (W.D. Ky. Nov. 20, 2014) (Jefferson County Attorney's Office Child Support Division Prosecutor entitled to absolute prosecutorial immunity). Thus, any individual-capacity claim against Defendant Fleischaker must be dismissed as barred by prosecutorial immunity.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: October 2, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.011